FILED

08/29/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 27, 2017 at Knoxville

**DONNELL V. BOOKER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2017-CV-4592    John D. Wootten, Jr., Judge**

_____

**No. M2017-00378-CCA-R3-HC**

_____

The Petitioner, Donnell V. Booker, appeals as of right from the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that his eight-year sentence for Class B felony cocaine possession is illegal because it should have run consecutively to his prior sentences, rather than concurrently, as was agreed to in his plea agreement. Following our review, we affirm the trial court's summary dismissal of the petition but do so on a different ground—the Petitioner has failed to show by a preponderance of the evidence that his sentence is illegal. See Mike Settle v. Ricky Bell, Warden, No. M2007-02743-COA-R3-CV, 2008 WL 4725599, at *1 (Tenn. Crim. App. Oct. 28, 2008) (affirming using similar procedure).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Donnell V. Booker, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Alexander C. Vey, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On July 6, 2007, the Petitioner pled guilty in the Johnson County Criminal Court to possession of 43.7 grams of cocaine with the intent to sell, a Class B felony. See Tenn.

Code Ann. § 39-17-417. The offense date was noted on the judgment form as April 12, 2005. Apparently, in accordance with a plea agreement,[1] the Petitioner was sentenced to eight years' incarceration as a Range I, standard offender, and this sentence was to be served concurrently with any "prior sentence(s)."

The Petitioner filed a petition for writ of habeas corpus on January 18, 2017. Therein, he made the following allegation for habeas corpus relief: "The present sentence is illegal because this . . . sentence should have been consecutive to the prior unserved Tennessee sentence(s), which is case no. 96-A-493 and no. 2003-D-2866. Johnson County sentence should be consecutive to Davidson County sentences."

Thereafter, the trial court filed an order denying the petition. In so holding, the trial court reasoned as follows:

> After review of the scanty record, this [c]ourt finds that the [P]etitioner was the beneficiary of a concurrent sentence. T[enn]. C[ode] A[nn]. [section] 29-21-101 specifically provides in sub-paragraph (b)(1):
>
>> Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
>>
>> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing[.]
>
> The judgment in the instant case is not void. The trial court clearly had jurisdiction.

The case is now properly before us.

## ANALYSIS

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Id. (quoting Archer v. State, 851 S.W.2d

---

[1] The Petitioner's sentence was imposed on the same day that he entered his guilty plea.

-2-

157, 164 (Tenn. 1993)) (internal quotation marks omitted); see also State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

On appeal, the Petitioner argues, "Since [he] was serving Davidson County sentences at the time the Johnson County offense was committed, the Johnson County sentencing [c]ourt did not have jurisdiction to impose the illegal sentence and/or to commit the fatal error." He references State v. Moody, 160 S.W.3d 512 (Tenn. 2005) and State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), but does not extrapolate how these cases support his claim. Furthermore, he submits that he did not "knowingly, voluntarily, and intelligently plead guilty to an illegal sentence[.]"

The State responds that the Petitioner "provides no authority or explanation for why his sentences had to run consecutively." Alternatively, the State submits, "[E]ven if [the Petitioner's] claim was correct, he ple[d] guilty and received concurrent sentencing as a benefit of that plea[, and] . . . he is precluded by statute from habeas corpus relief." Moreover, responding to his claim of an involuntary plea, the State notes that the Petitioner did not raise the issue in his habeas petition and, regardless, that such a claim only renders a judgment voidable.

The State is correct that the Petitioner has not provided this court with any explanation as to why his Johnson County and Davidson County sentences were required to be served consecutively. He seemingly claims that he was on some type of release from the Davidson County offenses when he committed the Johnson County offense. However, he provides no authority or documentation in support of this assertion. The cases cited by the Petitioner, Moody and Burkhart, stand for the proposition that a trial

-3-

court can correct an illegal sentence at any time through the habeas corpus procedure, see Moody, 160 S.W.3d at 516; Burkhart, 566 S.W.2d at 873, but they do not shed light on the particulars of the Petitioner's argument.

The Petitioner pled guilty to the possession offense on July 6, 2007, but that offense was committed over two years prior to that time. We are not given any details of the Davidson County offenses or sentences, such as what types of offenses he was convicted of, when the offenses occurred, whether the convictions were secured by a jury trial or guilty plea, when the convictions were entered and sentences imposed, or what type of release the Petitioner may have been on from those offenses. Our supreme court has held that, "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Summers, 212 S.W.3d at 261. We conclude that the Petitioner has failed to show by a preponderance of the evidence that his eight-year sentence for possession of 43.7 grams of cocaine with the intent to sell was imposed illegally. See Wyatt, 24 S.W.3d at 322; Gary Wayne Garrett v. Avril Chapman, Warden, No. M2013-00601-CCA-R3-HC, 2013 WL 6187939, at *5 (Tenn. Crim. App. Nov. 25, 2013) ("[W]e determine that Petitioner has failed to show by a preponderance of the evidence that he is entitled to habeas corpus relief because his sentence is void or his judgments have expired."). Therefore, he is not entitled to habeas corpus relief.

Regarding the Petitioner's claim of an involuntary guilty plea, we agree with the State that the Petitioner did not raise this issue in his petition, and it is, thus, waived. See Patrick Thurmond v. Howard Carlton, Warden, No. E2007-02339-CCA-R3-HC, 2008 WL 2001809, at *2 (Tenn. Crim. App. May 9, 2008) (citing State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995)). Additionally, as the State points out, waiver notwithstanding, any claim that the Petitioner's guilty plea to Class B felony cocaine possession was unknowing and involuntary is not cognizable in a habeas corpus action. See Summers, 212 S.W.3d at 259.

The habeas corpus court precluded any relief by holding that the Petitioner was barred from the traditional method of redress through a petition for the writ of habeas corpus by the terms of Tennessee Code Annotated section 29-21-101(b). Code section 29-21-101 was amended in 2009 to provide, in pertinent part, "Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that . . . [t]he petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing[.]" However, absent evidence of the fact that there was a statutory requirement for consecutive sentencing, we are unable to determine whether this section applies. See Jarrell A. Campbell v. State, No. M2013-00990-CCA-R3-CD, 2013 WL 5595354, at *3 (Tenn. Crim. App. Oct. 10, 2013) (concluding same where the record was insufficient for review).

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court, albeit on a different ground.

_____
D. KELLY THOMAS, JR., JUDGE